# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHARLES KENNEDY,

      Plaintiff,            :          Case No. 3:08-cv-296

                                    District Judge Walter Herbert Rice
    -vs-                             Magistrate Judge Michael R. Merz

                              :

DEPARTMENT OF THE AIR FORCE,

      Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion for Partial Dismissal and/or Partial Summary Judgment (Doc. No. 11). Plaintiff has filed a Response in partial opposition (Doc. No. 15), Defendant has filed a Reply in support (Doc. No. 16), and Plaintiff has, with Court permission, filed a Surreply (Doc. No. 17-2).

In the Complaint, Plaintiff pleads that he is a long-term professional civilian employee of the United States Air Force, working as an aerospace engineer at the Air Force Research Laboratory (Complaint, Doc. No. 1, at ¶ 1). He categorizes himself as a male Christian African-American born in 1949. *Id.*

The Complaint describes a long course of negative interactions between Plaintiff and his co-workers and supervisors (¶¶ 6-82). It then pleads four Claims for Relief: discrimination on the basis of race, color, religion, and age (First Claim, ¶¶ 83-89), retaliation (Second Claim, ¶¶ 90-98), hostile work environment (Third Claim, ¶¶ 99-104), and harassment (Fourth Claim, ¶¶ 105-110).

Defendant's Motion seeks dismissal of all aspects of the Complaint which were not part of Plaintiff's EEO Complaints for lack of subject matter jurisdiction and summary judgment on all

portions not dismissed on that basis (Motion, Doc. No. 11, at 1).

In his Response, Plaintiff "agrees to dismiss the first and fourth claims of his complaint." (Response, Doc. No. 15, at 1). It is therefore respectfully recommended that the First and Fourth Causes of Action be dismissed without prejudice under Fed. R. Civ. P. 41.

Defendant asserts the Court lacks subject matter jurisdiction over any remaining claims in the Complaint which were not made the subject of an administrative complaint within the agency. This portion of the Motion is made under Fed. R. Civ. P. 12(b)(1).

Federal courts are courts of limited jurisdiction. It is axiomatic that a party invoking the jurisdiction of a federal court has the burden of proving that court has jurisdiction to adjudicate his claims. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935). This is especially so when the Defendant is an agency of the United States and the court must find a waiver of sovereign immunity in order to proceed. On a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the Court is free to consider material outside the pleadings and often must do so to ensure that it is not exercising jurisdiction except within the confines authorized by Congress and the Constitution. *Mortensen v. First Federal Savings and Loan Ass'n.*, 549 F.2d 884, 890 (3d Cir. 1977), quoted in *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125 (6th Cir. 1996); *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913 (6th Cir. 1986).

Title VII is the exclusive remedy for discrimination in federal employment. *Briggs v. Potter*, 463 F.3d 507, 517 (6th Cir. 2006); *Brown v. General Services Administration*, 425 U.S. 820 (1976). No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of an EEOC or OCRC charge. 42 U.S.C. §2000e-5(f)(1); *United Air Lines v. Evans,* 431 U.S. 553 (1977); *Pauling v. Secretary of the Dep't of the Interior,* 160 F.3d 133 (2nd Cir. 1998); *Puckett v. Tennessee Eastman Co.*, 889 F. 2nd 1481, 1486 (6th Cir. 1989). A plaintiff is limited in court to the charge made and the scope of the EEOC investigation which can reasonably

be expected to grow out of the charge. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999).

Plaintiff made two EEO complaints which were accepted for investigation. The first was

> Was the complainant allegedly discriminated against on the bases of his race (African-American), his color (African American), his religion (Spiritual Christian), his age (DOB XX-XX-1949) [actual date deleted for privacy], the victim of reprisal (prior EEO activity 2003), the victim of harassment, and the victim of a hostile work environment, when on or about 25 May 2006 he was involved in an argument with Greg Bloch (a co-worker) in the parking lot of his work site?

The second was

> "Was the complainant, a DR-0861-02 engineer in AFRL/PRT allegedly discriminated against due to his race and color (African American) (Black) and the subject of reprisal for his prior EEO activity when on 24 January 2007, Maj. Donald Rhymer gave him his 860A, performance rating, that the complainant believes does not reflect his true rating?" (Note: he received 6's, 7's, and 8's on his factor rating) [quotation marks and parenthetical Note included in original]

(Quoted in Motion, Doc. No. 11, at 3.) As Defendant notes, these two complaints, made relatively close in time to one another, were consolidated for investigation. During the course of the investigation, Plaintiff abandoned any claim of retaliation for any conduct prior to the filing of his first administrative complaint. In his Response to the Motion to Dismiss, Plaintiff abandoned his claims of discrimination (First Claim) and harassment (Fourth Claim) made in the Complaint. Thus the only remaining claims in the Complaint over which this Court has subject matter jurisdiction are

1. The hostile work environment claim arising out of the parking lot argument with Greg Bloch on May 25, 2006 (Third Claim), and

2. The retaliation claim arising out of his lower-than-deserved appraisal in January, 2007 (Second Claim).

3. The Court may also exercise jurisdiction over retaliation claims arising after the filing of the January, 2007, complaint since they would be expected to come within the scope of the

EEOC investigation.

Plaintiff complains that the EEOC investigator improperly limited the scope of his administrative complaints by "fragmentation." (Response, Doc. No. 15, at 3.) However, he does not say what complaints about hostile work environment he made to the investigator that the investigator improperly omitted from the formal statements of claim. Furthermore, he was represented by Bishop Richard Cox of the Southern Christian Leadership Conference throughout the administrative process and confirmed under oath during the investigation the scope of the charges he was making. Because it is Plaintiff's burden to demonstrate subject matter jurisdiction, it is incumbent upon him to list the aspects of the hostile work environment of which he made the investigator aware.

Plaintiff relies on the Supreme Court's decision in *AMTRAK v. Morgan*, 536 U.S. 101 (2002)[1] for the proposition that

> It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.

536 U.S. at 117. However, the point at issue in *AMTRAK* was the statute of limitations. On the instant Motion, the question is not whether Plaintiff **timely** informed the investigator of acts allegedly constituting a hostile work environment, but whether he **ever** advised her of any such acts aside from the parking lot confrontation with Bloch. If the other alleged acts were not brought to

---

[1] *AMTRAK v. Morgan* does not appear in the body of Plaintiff's response. Indeed, Plaintiff makes it appear as if the indented quotations on p. 3 of the Response come from *Burlington Industries v. Ellerth* by giving the source of the quotation as *"Id*. at 117, 122 S. Ct. at 2074" and *"Id*. at 120, 122 S. Ct. at 2076" when the last case cited in the Response before these two quotations is Burlington Industries. Only when one attempts to locate the quotations in the body of the *Burlington Industries* opinion does one discover that they are actually taken from *AMTRAK v. Morgan*.

the investigator's attention, she could not investigate them and Congress' purpose to have claims such as these dealt with in the first instance within the federal agency in question would be frustrated. If Plaintiff intends to rely on other acts which he alleges constitute the maintenance of a hostile work environment, he must (1) detail what those acts are, (2) show that he disclosed them to the EEO investigator when making his complaints, and (3) explain why his later limitation of the scope of what he was complaining about does not limit the hostile work environment claim. The Surreply does not satisfy these requirements because it continues to treat the Defendant's objection as related to the time of disclosure, rather than the completeness of what was disclosed.

With respect to the retaliation claim (either the lowered appraisal or any subsequent alleged retaliation), the Complaint fails to state a claim upon which relief can be granted in that it does not state what material adverse employment action Plaintiff has been subjected to. To be actionable under Title VII, an adverse employment action must be material. That is, it must result in a material adverse change in the terms of employment. *White v. Burlington Northern & Santa Fe Ry. Co.*, 364 F.3d 789 (6th Cir. 2004)(en banc), *reaffirming Kocsis v. Multi-Care Management, Inc.*, 97 F.3d 876, 885 (6th Cir. 1996). For example, reassignments without salary or work hour changes are not material adverse actions. *Kocsis, citing Yates v. Avco Corp.*, 819 F.2d 630, 638 (6th Cir. 1987). *Kocsis* opinion has other examples from other courts. An adverse evaluation or one that is less favorable than the evaluation given to someone not in a protected category is not an adverse employment action. *Primes v. Reno*, 190 F.3d 765 (6th Cir. 1999).

The Court is reluctant to consider Defendant's request for summary judgment at this stage of the case. There have been no Fed. R. Civ. P. 26(a)(1) disclosures and no discovery as yet. Defendant seeks summary judgment on the basis of the administrative record, but cites no authority permitting a court to consider that source on a summary judgment motion. Compare Fed. R. Civ. P. 56(c).

It is accordingly recommended that:

1. Plaintiff's First and Fourth Claims for Relief be dismissed without prejudice pursuant to Fed. R. Civ. P. 41;

2. Plaintiff's hostile work environment claim be dismissed for lack of subject matter jurisdiction, except for the parking lot incident, unless Plaintiff files an amended complaint setting forth what acts or conduct were disclosed to the EEO investigator which Plaintiff claims constitute creation or maintenance of a hostile work environment;

3. Plaintiff's retaliation claim be dismissed without prejudice for failure to state a claim upon which relief unless Plaintiff files an amended complaint setting forth some claimed material adverse employment action.

April 2, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).